JBL3HOLP                      Plea

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

      v.                              19 CR 333 (LGS)

MICHAEL HOLLINGSWORTH,

        Defendant.

------------------------------x

                     New York, N.Y.
                     November 21, 2019
                     3:20 p.m.

Before:

               HON. SARAH NETBURN,

                     Magistrate Judge

                APPEARANCES

GEOFFREY S. BERMAN
     United States Attorney for the
     Southern District of New York
KEDAR S. BHATIA
MICHAEL R. HERMAN
     Assistant United States Attorneys

MEGAN W. BENETT
     Attorney for Defendant

JBL3HOLP                        Plea

1              (In open court)

2              THE DEPUTY CLERK:  Your Honor, this is in the matter

3     of United States v. Michael Hollingsworth.  Counsel, please

4     state your appearance for the record.

5              MR. BHATIA:  Good afternoon.  Kedar Bhatia and Michael

6     Herman for the United States.

7              THE COURT:  Good afternoon.

8              MS. BENETT:  Good afternoon, your Honor.  Megan Benett

9     on behalf of Michael Hollingsworth who is seated to my right.

10             THE COURT:  Thank you.  Good afternoon,

11    Mr. Hollingsworth.

12             THE DEFENDANT:  Good afternoon, your Honor.

13             THE COURT:  My name is Judge Netburn.

14             THE DEFENDANT:  Good afternoon.

15             THE COURT:  I have before me a consent to proceed

16    before a United States magistrate Judge on a felony plea

17    allocution that you have signed.

18             What this form says is, knowing you have the right to

19    have this plea taken by a United States district judge, you are

20    agreeing instead to have this plea taken by me, a United States

21    magistrate judge.  Is that correct?

22             THE DEFENDANT:  Yes, ma'am.

23             THE COURT:  Before you signed this form, did your

24    lawyer explain it to you?

25             THE DEFENDANT:  Yes, ma'am.

JBL3HOLP                    Plea

1           THE COURT:  It is accepted.

2           Sir, you've been charged in a three-count indictment.

3   Count One charges you with solicitation of bribes and

4   gratuities in violation of Title 18 of the United States Code,

5   Sections 666(a)(1)(B) and 2.

6           Count Two charges you with the substantive act of wire

7   fraud in violation of Title 18 of the United States Code,

8   Section 1343 and 2.

9           And Count Three charges you with conspiracy to commit

10  wire fraud in violation of Title 18 of the United States Code,

11  Section 1349.

12          I've been informed that you wish to change your plea

13  and enter a plea of guilty as to Count One.  Is that correct?

14          THE DEFENDANT:  Yes, ma'am.

15          THE COURT:  Before deciding whether to accept your

16  guilty plea, I am going to ask you certain questions.  It's

17  very important that you answer these questions honestly and

18  completely.  The purpose of these proceedings is to make sure

19  that you understand your rights, to decide whether you are

20  pleading guilty of your own free will, and to make sure that

21  you are pleading guilty because you are guilty and not for some

22  other reason.

23          Do you understand what I am saying?

24          THE DEFENDANT:  Yes, I do your Honor.

25          THE COURT:  If at any point in time you don't

JBL3HOLP                    Plea

1    understand my questions or you want an opportunity to speak to

2    your lawyer, please say so, because it's important that you

3    understand every question before you answer it.  Will you do

4    that?

5              THE DEFENDANT:  Yes, your Honor.

6              THE COURT:  Thank you.  Ms. Slusher, will you swear in

7    the defendant.

8              (Defendant sworn)

9              THE DEPUTY CLERK:  Please state your full name for the

10   record.

11             THE DEFENDANT:  Michael Hollingsworth.

12             THE COURT:  Thank you, Mr. Hollingsworth.  You may be

13   seated.

14             Sir, how old are you?

15             THE DEFENDANT:  48 years of age.

16             THE COURT:  Are you a United States citizen?

17             THE DEFENDANT:  Yes, I am.

18             THE COURT:  The reason I ask you if you are a United

19   States citizen is because if you were found not to be a

20   citizen, your conviction could have serious consequences for

21   your ability to remain in the United States.

22             For example, if you were found not to be a citizen,

23   you could be removed from the United States, denied

24   citizenship, or denied admission to the United States in the

25   future, and you would be bound by your guilty plea regardless

JBL3HOLP                     Plea

1   of those immigration consequences.

2              Sir, how far did you go in school?

3              THE DEFENDANT:  I got my bachelor's degree.

4              THE COURT:  In what subject?

5              THE DEFENDANT:  Business management.

6              THE COURT:  Excellent.  From what institution?

7              THE DEFENDANT:  City College.

8              THE COURT:  Congratulations.

9              Are you currently or have you recently been under the

10  care of a doctor or a psychiatrist for any reason?

11             THE DEFENDANT:  No, your Honor.

12             THE COURT:  Have you taken any mind-altering drugs,

13  medicine or pills or consumed any alcohol in the last 24 hours?

14             THE DEFENDANT:  No, your Honor.

15             THE COURT:  Is your mind clear today?

16             THE DEFENDANT:  Yes, your Honor.

17             THE COURT:  Do you understand what's going on in these

18  proceedings?

19             THE DEFENDANT:  I do, your Honor.

20             THE COURT:  Does either counsel have any objection to

21  the defendant's competence to enter a guilty plea at this time?

22             MR. BHATIA:  No, your Honor.

23             MS. BENETT:  No, Judge.

24             THE COURT:  Thank you.  Sir, have you received a copy

25  of the written version of the charge against you in this case

JBL3HOLP                    Plea

1    known as the indictment?

2              THE DEFENDANT:  Yes, your Honor.

3              THE COURT:  Have you read it?

4              THE DEFENDANT:  Yes, your Honor.

5              THE COURT:  Do you understand what it says?

6              THE DEFENDANT:  Yes, I do, your Honor.

7              THE COURT:  Do you want me to read it to you in open

8    court?

9              THE DEFENDANT:  No, your Honor.

10             THE COURT:  As we've discussed, you've been charged in

11   the indictment in three counts.  Count One charges you with

12   solicitation of bribes and gratuities; Count Two charges you

13   with wire fraud; and Count Three charges with you conspiracy to

14   commit wire fraud.

15             Do you understand all that?

16             THE DEFENDANT:  Yes, I do your Honor.

17             THE COURT:  Have you had time to talk to your attorney

18   about these charges and about how you wish to plead?

19             THE DEFENDANT:  Yes, I have.

20             THE COURT:  Has she told you the consequences of

21   pleading guilty?

22             THE DEFENDANT:  Yes, she did.

23             THE COURT:  Are you satisfied with your attorney's

24   representation of you?

25             THE DEFENDANT:  Yes, your Honor.

JBL3HOLP                          Plea

1          THE COURT:  Sir, I am now going to explain certain

2     Constitutional rights that you have.  These are rights that you

3     will be giving up if you enter a guilty plea.  Please listen

4     carefully to what I am about to say, and if you don't

5     understand something, please stop me and your attorney or I

6     will explain the matter more fully.  Okay?

7          THE DEFENDANT:  Yes, your Honor.

8          THE COURT:  Under the Constitution and the laws of the

9     United States, you have the right to plead not guilty to the

10    charges contained in this indictment.  Do you understand that?

11         THE DEFENDANT:  Yes, your Honor.

12         THE COURT:  If you pled not guilty, you would be

13    entitled under the Constitution to a speedy and public trial by

14    a jury of those charges.  At that trial you would be presumed

15    innocent, and the government would be required to prove you

16    guilty beyond a reasonable doubt before you could be found

17    guilty.  That means that you would not have to prove that you

18    were innocent, and you would not be convicted unless a jury of

19    12 people agreed unanimously that you are guilty beyond a

20    reasonable doubt.

21         Do you understand that?

22         THE DEFENDANT:  Yes, I do, your Honor.

23         THE COURT:  If you decide to go to trial, at that

24    trial and at every stage of your case you would have the right

25    to be represented by an attorney.  If you could not afford an

1   attorney, one would be appointed to represent you at the

2   government's expense and at no cost to you.  If you retained an

3   attorney and ran out of money, an attorney could be appointed

4   to continue to represent you.

5          When an attorney is appointed to represent you, that

6   attorney is appointed to represent you for all purposes, and

7   not just for a guilty plea.  So your decision to plead guilty

8   here today should not depend on whether you can afford to hire

9   an attorney.

10          Do you understand that?

11          THE DEFENDANT:  I do, your Honor.

12          THE COURT:  During a trial, the witnesses for the

13   prosecution would have to come to court and testify in your

14   presence where you could see and hear them, and your lawyer

15   could cross-examine those witnesses.  And if you wanted, your

16   lawyer could offer evidence on your behalf.  You would be able

17   to use the court's power to compel witnesses to come to court

18   and testify in your defense, even if they did not want to come.

19          Do you understand that?

20          THE DEFENDANT:  Yes, your Honor.

21          THE COURT:  At a trial you would have the right to

22   testify in your own defense if you wanted to, but you would

23   also have the right not to testify.  And if you chose not to

24   testify, that could not be used against you in any way.  No

25   inference or suggestion of guilt could be made from the fact

JBL3HOLP                        Plea

1    that you did not testify.

2              Do you understand that?

3              THE DEFENDANT:  Yes, I do.

4              THE COURT:  If you were convicted at trial, you would

5    have the right to appeal that verdict to a higher court.  Do

6    you understand that?

7              THE DEFENDANT:  Yes, I do.

8              THE COURT:  As I said before, you have the right to

9    plead not guilty.  Even right now, even as you sit here today,

10   for the purposes of entering a guilty plea, you have the right

11   to change your mind, persist in your not guilty plea and

12   proceed to trial.

13             But if you do plead guilty and I accept your plea, you

14   will give up a trial and all of the other rights that go with

15   it.  If you plead guilty, there will be no trial.  All that

16   will remain to be done will be to impose a sentence.  You and

17   the government will have a chance to make arguments about what

18   that sentence should be, but there will not be any further

19   trial to determine whether you are guilty or not guilty of the

20   charges to which you pled guilty.

21             Do you understand that?

22             THE DEFENDANT:  I do, your Honor.

23             THE COURT:  Do you understand that the decision as to

24   the appropriate sentence in this case will be entirely up to

25   the sentencing judge, and that that judge will be limited only

JBL3HOLP                    Plea

1    by what the law requires?  This means that even if you are

2    surprised or disappointed by your sentence, you will still be

3    bound by your guilty plea.

4              Do you understand that?

5              THE DEFENDANT:  Yes, your Honor.

6              THE COURT:  Finally, if you do plead guilty, you are

7    also giving up your right not to incriminate yourself, and I

8    will ask you questions about what you did in order to satisfy

9    myself that you are actually guilty.  By pleading guilty you

10   are admitting to your factual as well as legal guilt.  Do you

11   understand that?

12             THE DEFENDANT:  I do, your Honor.

13             THE COURT:  You said earlier that you had read the

14   indictment containing the charges in this case and specifically

15   with respect to Count One, the solicitation of bribes and

16   gratuities charge.  What I am going to do you now is ask the

17   assistant United States attorney to state the elements of that

18   charge.  The elements are the things that the government would

19   have to prove beyond a reasonable doubt if the case were to

20   proceed to trial.

21             Counsel.

22             MR. BHATIA:  Your Honor, at trial, the government

23   would be required to prove beyond a reasonable doubt that:

24   First, on or about the time alleged in the indictment, the

25   defendant was an agent of the National Railroad Passenger

JBL3HOLP                    Plea

1    Corporation, more commonly known as Amtrak.  Second, in a

2    one-year period around the time of the alleged offense, Amtrak

3    received federal funds in excess of $10,000.  Third, that the

4    defendant solicited or demanded or accepted or agreed to accept

5    something of value such as a payment from another person.

6    Fourth, that the defendant acted corruptly with the intent to

7    be influenced with respect to a business or transaction of

8    Amtrak.  And finally, that the value of the business or

9    transaction to which the payment related was at least $5,000.

10   And the government would also be required to prove venue by a

11   preponderance of the evidence.

12          THE COURT:  Thank you.  Sir, I am now going to tell

13   you about the maximum possible penalty for this crime.  The

14   maximum means the most that could possibly be imposed.  It does

15   not necessarily mean this is what you will receive.  But you

16   have to understand that by pleading guilty here today, you are

17   exposing yourself to any combination of punishments up to the

18   maximum that I am about to describe.  Do you understand that?

19          THE DEFENDANT:  Yes, your Honor.

20          THE COURT:  First I am going to tell you about the

21   possible restrictions on your liberty.

22          With respect to Count One, the maximum term of

23   imprisonment is 10 years, and there is a maximum term of

24   supervised release of three years.  Supervised release means

25   that if you are sentenced to prison, and thereafter released

JBL3HOLP                    Plea

1    from prison, you may be subject to supervision by the probation

2    department.  You should understand that if you are placed on

3    supervised release and then you violate any of the terms or

4    conditions of that release, the district judge that sentenced

5    you can revoke the term of supervised release and return you to

6    prison without giving you any credit for the time you spent on

7    supervised release.

8              Do you understand that?

9              THE DEFENDANT:  Yes, your Honor.

10             THE COURT:  Second, in addition to these restrictions

11   on your liberty, the maximum possible punishment also includes

12   certain financial penalties.  In this case the maximum

13   allowable fine is $250,000.  Then there is also a mandatory

14   special assessment of $100 that must be imposed for the count

15   of conviction.

16             Sir, has anyone threatened you or coerced you in any

17   way to try to get you to plead guilty?

18             THE DEFENDANT:  No, your Honor.

19             THE COURT:  Has anyone, other than the prosecution,

20   and solely by way of this written plea agreement, promised you

21   or offered you anything to get you to plead guilty?

22             THE DEFENDANT:  No your Honor.

23             THE COURT:  As I just referenced, there is a plea

24   agreement between you and the government concerning this plea.

25   Is that correct?

JBL3HOLP                    Plea

1                  THE DEFENDANT:  Yes, your Honor.

2                  THE COURT:  Have you read this plea agreement?

3                  THE DEFENDANT:  Yes, your Honor.

4                  THE COURT:  Have you had an opportunity to discuss it

5       with your lawyer?

6                  THE DEFENDANT:  Yes, I have.

7                  THE COURT:  Have you signed this plea agreement?

8                  THE DEFENDANT:  Yes, I have.

9                  THE COURT:  Did you read it and discuss the terms with

10      your lawyer before you signed it?

11                 THE DEFENDANT:  Yes, I have.

12                 THE COURT:  Do you understand its terms?

13                 THE DEFENDANT:  Yes, I do.

14                 THE COURT:  It appears that you and the government

15      have agreed as to the appropriate calculation of your sentence

16      under the sentencing guidelines.  Is that correct?

17                 THE DEFENDANT:  Yes, your Honor.

18                 THE COURT:  And that you and the government have

19      stipulated to a guidelines range of four to 10 months'

20      imprisonment; is that correct?

21                 THE DEFENDANT:  Yes, your Honor.

22                 THE COURT:  You've also agreed and stipulated to a

23      fine range of $2,000s to $20,000; is that correct?

24                 THE DEFENDANT:  Yes, your Honor.

25                 THE COURT:  In this agreement, you and the government

JBL3HOLP                    Plea

1    have agreed that neither party will seek a departure or an

2    adjustment pursuant to the sentencing guidelines that's not

3    otherwise set forth in this agreement.  Do you understand that?

4              THE DEFENDANT:  Yes, your Honor.

5              THE COURT:  However, this agreement does allow you and

6    the government to seek a sentence that is outside of the

7    stipulated guidelines range, based upon the sentencing factors

8    which you can find at Title 18 of the United States Code,

9    Section 3553(a).

10             Do you understand that?

11             THE DEFENDANT:  Yes, your Honor.

12             THE COURT:  In this agreement, you are admitting to

13   the forfeiture allegation with respect to Count One, and you've

14   agreed to the entry of a money judgment in the amount of $200.

15   Do you understand that?

16             THE DEFENDANT:  Yes, your Honor.

17             THE COURT:  In addition, this agreement has limited in

18   certain respects your ability to appeal from your conviction

19   and sentence.  Specifically, you've agreed that you will not

20   file a direct appeal or bring a collateral challenge, sometimes

21   called a habeas motion, or seek a sentence modification so long

22   as your sentence is within or below the stipulated guidelines

23   range of four to 10 months' imprisonment.

24             Do you understand that?

25             THE DEFENDANT:  Yes, your Honor.

JBL3HOLP                    Plea

1          THE COURT:  You've also agreed that you will not

2    appeal a term of supervised release that is less than or equal

3    to the statutory maximum of three years.  Do you understand

4    that?

5          THE DEFENDANT:  Yes, your Honor.

6          THE COURT:  You've agreed not to appeal any fine that

7    is less than or equal to $20,000, and to not appeal any

8    forfeiture amount that is less than or equal to $200.  Do you

9    understand all of that?

10         THE DEFENDANT:  I do, your Honor.

11         THE COURT:  The most important thing for you to

12   understand is that the terms of this plea agreement, including

13   any recommendations or calculations related to sentencing, are

14   not binding on the sentencing judge.  And that the Court may

15   reject these calculations and recommendations without

16   permitting you to withdraw your guilty plea, and then could

17   impose a more severe punishment.

18         Do you understand that?

19         THE DEFENDANT:  Yes, your Honor.

20         THE COURT:  The sentencing judge is required to make

21   her own independent calculation under the sentencing guidelines

22   and then impose a sentence based on what she believes is the

23   appropriate sentence for you, even if it is different from the

24   one that is set forth in this agreement.  Do you understand

25   that?

JBL3HOLP                    Plea

1           THE DEFENDANT:  I do, your Honor.

2           THE COURT:  In determining that sentence, the Court

3     will consider, in addition to the guidelines and possible

4     departures from those guidelines, all of the factors that are

5     set forth in the sentencing statute which I referenced earlier,

6     and which you can find at Title 18, United States Code, Section

7     3553(a).  Those factors include the nature and circumstances of

8     the offense, and the history and characteristics of you, the

9     defendant, the need for the sentence imposed, the kinds of

10    sentences that are available, the sentencing range provided

11    under the guidelines, need to avoid sentencing disparities, and

12    the need to provide restitution to victims.

13          In addition, the Court will consider the presentence

14    report which is prepared by the probation department in advance

15    of your sentencing.  Before you are sentenced, you and the

16    government will have an opportunity to challenge the facts that

17    are reported by the probation officer.

18          Mr. Hollingsworth, now that you've been advised of the

19    charge against you, the possible penalties that you face, and

20    the rights that you are giving up, is it still your intention

21    to plead guilty to Count One of the indictment?

22          THE DEFENDANT:  Yes, your Honor.

23          THE COURT:  So with respect to Count One of the

24    indictment, how do you plead?

25          THE DEFENDANT:  Guilty.

JBL3HOLP                    Plea

1          THE COURT:  Can you tell me in your own words what you

2    did to make you believe that you are guilty of that charge.

3          MS. BENETT:  Your Honor, Mr. Hollingsworth and I

4    worked together to write out his allocution which was then

5    typed up for him.  With the Court's permission, he'll read from

6    that, but it is his own words.

7          THE COURT:  I'm happy to have you read from it.  I may

8    ask you questions afterwards.

9          May I encourage you to read slowly.

10         THE DEFENDANT:  Yes, your Honor.

11         THE COURT:  Thank you.

12         THE DEFENDANT:  In November 2017, I was subcontracted

13   for ADTS, a company that coordinated the collection of urine

14   and hair samples from job application undergoing drug testing

15   prior to receiving an offer of employment with Amtrak.  Part of

16   my job was to send the samples to the laboratory that were

17   performing drug tests on the samples.  My office was located in

18   Manhattan.

19         The month of the individual seeking employment with

20   Amtrak named Naeem Martin twice came to my office in connection

21   with -- in connection with collecting a hair sample for a drug

22   test.  The second time Martin brought with him another person

23   from whom I took a hair sample.  I submitted the sample -- I

24   submitted the other person hair sample to the laboratory for

25   testing along with the chain of custody from Martin Amtrak

JBL3HOLP                      Plea

1   preemployment test.

2         At the time that I did that, I knew that it was

3   improper to submit the Amtrak chain of custody form identifying

4   Martin with a hair sample from someone else collected.

5         After I already -- after I already collected the hair

6   sample from another individual to send to the laboratory for

7   testing, Martin offered me $200 cash for doing so which I

8   accepted.

9         THE COURT:  Thank you.  Mr. Martin was applying for a

10  job with Amtrak?

11        THE DEFENDANT:  Yes, your Honor.

12        THE COURT:  Any other questions you'd like me to ask

13  the defendant?

14        MR. BHATIA:  If we can have a moment, your Honor.

15        THE COURT:  Sure.

16        MR. BHATIA:  No other questions, your Honor.

17        THE COURT:  I assume the government will proffer that

18  during the relevant period Amtrak received the appropriate

19  amount of federal funding?

20        MR. BHATIA:  That's right, your Honor.  During the

21  relevant period one year before and after November 2017 Amtrak

22  received more than $10,000 in federal funding.

23        THE COURT:  I assume you'll also proffer that the

24  value of the job at Amtrak was more than $5,000?

25        MR. BHATIA:  The value of the job was more than

JBL3HOLP                    Plea

1    $5,000.

2              THE COURT:  Do you believe that is a sufficient

3    allocution?

4              MR. BHATIA:  Yes, your Honor.  And I would just like

5    to note for the record, at trial the government's evidence

6    would consist of drug testing records, it would consist of a

7    consensual audio or video recording, witness testimony

8    including testimony from immunized witnesses, and toll records,

9    and finally geolocation data.

10              THE COURT:  Sir, on the basis of your responses to my

11   questions and my observations of your demeanor, I find that you

12   are competent to enter a guilty plea.  I am satisfied that you

13   understand your rights, including your right to go to trial,

14   that you are aware of the consequences of your plea, including

15   the sentence that may be imposed, that you are voluntarily

16   pleading guilty, and that you have admitted that you are guilty

17   as charged in Count One of the indictment.

18              For these reasons I'll recommend to District Judge

19   Schofield that she accept your plea of guilty as to Count One

20   of the indictment.

21              I assume the government will move to dismiss any open

22   counts at the time of sentencing?

23              MR. BHATIA:  That's right.

24              THE COURT:  I will direct the government to order a

25   copy of the transcript and submit it to Judge Schofield so she

JBL3HOLP                    Plea

1    may act on my recommendation.  I assume she has not yet set a

2    sentencing date.

3              MR. BHATIA:  She has not.

4              THE COURT:  Would you like a control date for three

5    months out?

6              MR. BHATIA:  That would be good.

7              THE COURT:  So let's set a control date for February.

8              MS. BENETT:  That's just a control date?  Because I

9    will not be in town that date.

10             THE COURT:  Just a control date.  We'll put

11   February 21 as the control date, and you'll reach out to Judge

12   Schofield's chambers in order to schedule a date that's

13   convenient for everybody.  I'll direct that the presentence

14   report be prepared.

15             Can you deliver the case summary to probation within

16   14 days?

17             MR. BHATIA:  We will.

18             THE COURT:  And counsel, can you and your client be

19   available in the next 14 days to be interviewed by probation?

20             MS. BENETT:  Yes.  And just for the record, I want to

21   be present for the interview.

22             THE COURT:  Okay.  Noted.  And if you can just reach

23   out to them.  There is a holiday next week.  If you can

24   schedule it in the next 14 days.

25             MS. BENETT:  It may be difficult to actually get

JBL3HOLP                    Plea

1    everybody together in 14 days.

2              THE COURT:  That's fine.  Just schedule in the next 14

3    days.

4              Any objections to continuing the present bail?

5              MR. BHATIA:  No objections.

6              THE COURT:  Sir, all of the conditions on which you

7    have been released up until now continue to apply, and a

8    violation of those conditions can have very serious

9    consequences, including revocation of bail and prosecution for

10   bail jumping.  Do you understand that?

11             THE DEFENDANT:  I do, your Honor.

12             THE COURT:  If you commit an offense while you are

13   released on bail, you may be subject to a more severe

14   punishment than you would receive if you committed the same

15   offense at any other time.  Of course if you commit a crime or

16   violate the terms of the plea agreement in any way, you may be

17   subject to revocation of that plea agreement by the government

18   as set forth in the letter.

19             Anything further from either side?

20             MR. BHATIA:  Nothing further from the government.

21             MS. BENETT:  Nothing from the defense, your Honor.

22             THE COURT:  Thank you all.

23             (Adjourned)

24

25