

June 15, 2021

VIA ECF/CM
Hon. Lorna G. Schofield
United States District Judge
U.S. District Court Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Courtroom 1106
New York, NY 10007

    Re:    *United States v. Michael Hollingsworth*
               19 Cr. 333 (S.D.N.Y.) (LGS)

Dear Judge Schofield:

     I am counsel for Michael Hollingsworth, who pleaded guilty to accepting a gratuity in connection with a federal contract on November 21, 2019 and was sentenced by this Court to a three-year term of probation on October 26, 2020.

     The Sentencing Guidelines the parties contemplated included a base offense level calculation premised on the offense conduct being soliciting or receiving a gratuity. *See* Plea Agreement at 2; U.S.S.G. § 2C1.2(a). Consistent with the plea agreement, Mr. Hollingsworth admitted to accepting a $200 gratuity in connection with work he did as a subcontractor to a federal contract. *See* Nov. 21, 2019 Plea Transcript at 17-18. This Court also employed the gratuity Guidelines analysis. *See* Oct. 26, 2020 Sentencing Transcript at 5. At sentencing, the defense highlighted how the Guidelines treat a gratuity as "materially different than solicitation of a bribe." *Id*. at 9. Subsequently, however, during the sentencing proceeding, the Court referred to Mr. Hollingsworth as having put his professional accomplishments "in jeopardy … because of accepting a bribe from a customer … ." *Id*. at 15.

     Given the Court's calculation of the Guidelines based on the offense conduct involving a gratuity as well as Mr. Hollingsworth's admission only to the gratuity misconduct, not accepting a bribe, it appears that the transcript reference to "accepting a bribe" was likely an inadvertent error. Nevertheless, the distinction between the gratuity and the bribe was the basis for Mr. Hollingsworth's plea agreement and offense conduct allocution and is an important matter for Mr. Hollingsworth.

New York          Boston          Los Angeles

      In light of the above, we respectfully request that this Court consider endorsing this letter-request to clarify the record to reflect that Mr. Hollingsworth's offense conduct was not accepting a bribe but, rather, accepting a gratuity. We believe this clarification would moot the need for any potential appeal in the matter. I have spoken with the government about this letter-motion and the prosecution has advised me that it has no objection to the defense request.

                                                    Respectfully submitted,

                                                  /s/ Megan W. Benett

MWB:lr
cc:     All counsel of record via ECF/CM

Application Granted. For clarity, the Court agrees that Mr. Hollingsworth's offense conduct was not accepting a bribe but, rather, accepting a gratuity. The Clerk of the Court is directed to terminate the letter motion at docket number 63.

Dated: June 28, 2021
New York, New York

                                                LORNA G. SCHOFIELD
                                                UNITED STATES DISTRICT JUDGE